ANNEUS J. HILLEBRANDS, EXECUTOR OF SETH NIBBELINK v. HENRY NIBBELINK.

*Claim for expenditures by a son for his father.*

Where a son living in his father's family expends money at his father's request, and with his knowledge and assent, in building a house for his father, the father is liable to the son for the amount so expended unless there has been a different understanding between them; and it is for a jury to decide whether there was or not, in view of all the circumstances.

Error to Ottawa. Submitted Oct. 7–8. Decided Oct. 20.

ASSUMPSIT. Defendant brings error. Affirmed.

*Edwin Baxter* for plaintiff in error.

*Angel & Soule, E. S. Eggleston* and *Hughes, O'Brien & Smiley* for defendant in error.

CAMPBELL, J. This case comes up a second time from the circuit court for the county of Ottawa into which it had been taken on appeal from the decision of the commissioners. The case is reported in 40 Mich. 646. The claim was brought by a son against his father's estate for various unpaid claims and services, the father having by will made no provision for them.

Upon the former trial we examined all of the important questions raised, and we do not see that in the present record there is any great difference on what is really involved. The judge on the trial confined the jury to the consideration of the various matters making up the amount due for a dwelling-house built in 1871 and 1872, chiefly at Henry Nibbelink's expense.

Upon this we think there was abundant evidence to go to the jury, and that the instructions given were correct. We are not prepared to say as a matter of law that because a son lives at home with his family or single, in his father's house, such an outlay as the building of a house involves stands on the same footing with mere labor done in the domestic service as presumably a voluntary contribution to the comfort and support of the household. Of course it is possible for it to be so intended and the intent may in either case be shown by circumstances. But we think that the executor could ask no stronger charge than that which the court gave. We think that where the expenditure was made at the request and with the knowledge and assent of the father he would be liable unless there was evidence tending to show a different understanding. The charge must not be considered as an abstraction, and it had already appeared in the case beyond doubt that even the ordinary labor done by the son was considered as entitling him to some return, and a receipt appears which the son gave the father on leaving his house in which certain property was accepted in full compensation for his past labor. The jury had all the facts before them, and they were not prevented from weighing all the probabilities, and inferring from them anything that would militate against the claimant.

We need not dwell on the details of the case, because, as before hinted, we cannot see that his claim which was recovered on does not stand substantially where it did before. The court below considered the rulings as required by our former decision. We think there is no such variance as to change the legal shape of the controversy.

The judgment must be affirmed with costs.

· The other Justices concurred.