DANIEL L. WELLS AND SHUBAEL F. WHITE, SURETY FOR COSTS v. ALEXANDER RODGERS.

*Assigned claims—Consideration—Assignment of stock assessments*

In an action by the assignee of a claim for an amount unpaid on a stock assessment, the defendant, if a stockholder in the assigning company, may have a right to know whether or not he is to be sued by a purchaser for value, and he can therefore show the consideration of the assignment.

Where the amount due on a stock subscription has been regularly called in by assessment, and stands as a liquidated demand on which suit will lie, *it seems* that the claim can be assigned as well before judgment as afterward, though the assignment, like all assignments of things in action, would be subject to equities and could not deprive the debtor of any stockholder's rights.

Error to Muskegon.   (Russell, J.)   April 5.—April 11.

ASSUMPSIT. Plaintiff's surety brings error. Reversed.

*White & McMahon* for appellant. A claim for the amount due on a stock subscription can be assigned, and the assignee can recover on it in equity: *Miller v. Malony* 3 B. Mon. 105 ; but in Michigan an assignee can recover at law in his own name upon any right of action that is assignable in equity or that may survive to a personal representative : Comp. L. § 5775 ; *Final v. Backus* 18 Mich. 231 ; *Cook v. Bell* id. 393.

*C. C. Chamberlain* for appellee.

CAMPBELL, J. This suit was brought by plaintiff, as a second assignee from the Chicago, Michigan & Lake Shore Railroad Company, to recover the amount unpaid on certain stock assessments.

The assignment was made to one Mariner, who in turn assigned to complainant. Evidence was offered and rejected, showing the consideration of the assignment to have been certain transactions with a firm of Wells & French, of which Mariner was attorney, and plaintiff surviving partner. If the claim was assignable at all, we can see no reason why this testimony was improper. The assignments being to Mariner, and from him to plaintiff alone, it was not, we think, improper to show the consideration on which it was originally made. Usually a debtor has no concern with the consideration passing between his creditor and an assignee of the debt. But in this case the debtor, being a stockholder in the assigning company, had an interest in the management, and we are not prepared to say that he is not interested in knowing whether he is to be sued by a person from whom his company got value, or by an assignee who has no equities, and against whom the company should protect him.

The more important question is whether the liability could be assigned at all. This question was not distinctly presented on the former record in 44 Mich. 413.

Had the company undertaken to assign the stock sub-

scription, as such, before it had been called in, we can see that there might be difficulties, the effect of which it would not be desirable to discuss now. Here the whole amount had been regularly called in by assessment, and stood as a liquidated money demand, on which suit would lie as on any other debt. In the absence of any line of decisions to the contrary, we do not see why such a debt may not be assigned. The assignment would, of course, like all assignments of things in action, be subject to equities, and could not deprive the debtor of any stockholder's rights which he would possess if no assignment had been made. But he cannot, so far as we can see, be any more prejudiced by an assignment of his debt before judgment, than by an assignment of a judgment on it, about which there could be no question. We think the court erred in holding otherwise.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.