TERRENCE BRADY *et al.*, Plaintiffs in Error, *v.* ELI ERVIN, Defendant in Error.

1. *Practice, civil — Actions for malicious prosecution — Proof of arrest and bail not essential to.* — A civil suit, instituted and prosecuted without probable cause and maliciously, lays a good foundation for a suit for damages, although no arrest attended the prosecution of the malicious suit.

*Error to Cape Girardeau Court of Common Pleas.*

*Louis Brown*, for plaintiffs in error.

Proof of arrest and bail are not essential prerequisites to the present action. (Pangburn v. Bull, 1 Wend. 346; Besson v. Southard, 10 N. Y. 236; State, to use of Roe, v. Thomas, 19 Mo. 617; Alexander v. Harrison, 38 Mo. 258.) A malicious and groundless institution of legal proceedings of any kind, under circumstances of special damage, or raising a legal presumption of damage, is actionable. (Davis v. Gully, 2 Dev. & Bat. 360–3; Grove v. Bradenburg, 7 Blackf. 234; Mower v. Miller, 3 Leigh, 561; Perdu v. Connerly, Rice, 49; Farmer v. Darling, 4 Burr. 1971–4; Sutton v. Johnston, 1 T. R. 493; 1 Brown's P. C. 76; Williams v. Taylor, 6 Bing. 183, 188; 2 Barn. & Ad. 857–9; Mitchell v. Jenkins, 5 Barn. & Ad. 594; Musgrove v. Newell, 1 Mees. & W. 585, 587.)

Nor is it always necessary that the whole proceedings be utterly groundless; for if groundless charges are maliciously and without probable cause coupled with others which are well founded,

they are not on that account the less injurious, and therefore constitute a valid cause of action.  Nor is the form of the prosecution material; the gravamen being that the plaintiff has improperly been made the subject of legal process to his damage. (Reed v. Taylor, 4 Taunt. 516; Wood v. Bulkley, 4 Coke, 14; Pierce v. Thompson, 6 Pick. 193; Stone v. Crocker, 24 Pick. 81; id., §§ 452–3, note 6; id. 454, 456, note 4; id. 459, 415, note; Stephens v. Fassett, 14 Shep. 266.)  ·

*G. H. Green* and *L. Houck*, for defendant in error.

Action will not lie for groundless civil suit when there has been no arrest. (Savil v. Roberts, 1 Salk. 14; 1 B. & P. 205; Selw Nisi Prius, 1077; 1 Gow. C. N. P. 20; Parcell v. McNamara, 1 Campb. 203; Warren v. Mathews, 6 Mod. 73; Godlin v. Wilcock, 2 Wilson, 305; 1 Espin. 80; 3 Bing. 297; 2 Chit. Pl. 600, note *k*.)

It is not denied that an action will lie for a malicious abuse of the process of the court.  But this is not such a case.  Here two suits were brought to admeasure dower.  It is conceded that if an attachment process had been made out maliciously the action would lie.  The case of State v. Thomas, 19 Mo. 617, and Alexander v. Harrison, 38 Mo. 228, establish that.  The case of Pangburn v. Bull, 1 Wend. 346, was a case for the abuse of the process of the court.  (See also Am. Lead. Cas., note 2.)

CURRIER, Judge, delivered the opinion of the court.

This action was brought to recover damages for alleged malicious and groundless prosecution of a civil suit, or rather succession of civil suits.  The petition is demurred to as showing no cause of action, in this: that it fails to allege any arrest or holding to bail.  The demurrer is based upon the assumption that an action to recover damages for a malicious prosecution of a civil suit can alone be maintained where there is shown to have been an arrest in the suit charged to have been malicious and without probable cause.  The old authorities, originating at a time when arrests and imprisonment for debt were common, may lend support to that view; but the more modern decisions bear in· an

opposite direction. If an arrest were an indispensable condition to the maintenance of the action, then, with us, an action would not lie at all for a malicious prosecution of a civil suit, however mischievous its consequences might be; since arrests and imprisonment in civil causes are not tolerated by our laws. The injured party would be without remedy, however serious his grievance, if the ground taken by the defendant was sustained. The justice of the law does not leave parties in that condition.

In Pangburn v. Bull, 1 Wend. 345, it was distinctly decided that an arrest and holding to bail in a civil suit was not necessary to the maintenance of an action for a malicious prosecution of a civil suit. In that case the court say: "If the action has been sustained where there was neither an arrest nor bail, and when it is considered that malice and the want or probable cause are the foundation of the action, it would seem, on principle, to reach cases where the injury would be equally great, although the proceeding did not require an arrest or bail." Substantially the same view was taken by this court in Alexander v. Harrison, 38 Mo. 258. The suit under review in that case was an attachment suit, but the court say: "The case here must depend upon the right to sue at all upon these notes, and the malice and want of probable cause must consist not merely in taking out the process of attachment where they were not entitled to have that process, but in suing the plaintiff here at all on these notes, and using the attachment process in aid of his suit, when there was no cause of action against him." It was not the attachment, as an incident to the suit, that the court lays stress upon, but the malice and groundlessness of the suit itself. (See also State v. Thomas, 19 Mo. 613.)

We are of the opinion that a civil suit instituted and prosecuted without probable cause and maliciously, lays a good foundation for a suit for damages, although no arrest attended the prosecution of the malicious civil suit. In that view the demurrer was improperly sustained, and the judgment will be reversed and the cause remanded. The other judges concur.