ALEXANDER RODGERS v. DANIEL L. WELLS.

44  411
68  255

44  411
118 337

*Assignment of railroad stock subscriptions after consolidation—Proof of corporate acts—Declaration on assigned claim.*

In an action brought by the assignee of a subscription for railroad stock, to recover the amount of the subscription, the declaration alleged the consolidation of the company in which the stock was taken, and the plaintiff sought to introduce in evidence the articles of the original and the consolidated companies. *Held*, that the objection that they were "incompetent, irrelevant and immaterial" was not sufficiently specific.

Evidence of a stockholders' meeting to ratify a consolidation agreement is properly objected to if no proof has been offered of legal notice of such meeting of stockholders.

A plaintiff who declares upon an assignment of his claim to him by a consolidated railroad company, must fail if he does not show that the statutory conditions to consolidation were substantially observed.

One who declares upon a claim held under an assignment from a consolidated company cannot recover on proof merely that it was assigned by one of the constituent companies to his assignor.

Whether subscriptions to the stock of one railroad company are assignable by another company into which it has been merged by consolidation—Q.

Error to Muskegon.   Submitted Oct. 7.   Decided Oct. 20.

ASSUMPSIT.   Defendant brings error.   Reversed.

*C. C. Chamberlain* and *L. N. Keating* for plaintiff in error.

*White & McMahon* for defendant in error.

MARSTON, C. J.  The declaration in this case alleges the organization of the Muskegon & Big Rapids Railroad Company and that Alexander Rodgers subscribed for a certain number of shares of the stock of said company ; that said company and the Chicago & Michigan Lake Shore Railroad Company afterwards consolidated and the corporation thus formed took the name of said Chicago & Michigan Lake Shore Railroad Company ; that said consolidated company assigned to Ephraim Mariner the said stock subscriptions of said Rodgers, and that said Mariner afterwards assigned to plaintiff Wells, who brought this action to enforce payment of such stock subscriptions.

The objections made to the introduction in evidence of the several articles of association of these companies were general, and did not point out any specific objection.  The general objection made that they were " incompetent, irrelevant and immaterial" did not direct the attention of the court below to any existing defect, or show that anything was lacking to render them competent, and it is very certain that the objection urged in this court would not, from an inspection of the papers during the progress of the trial in the court below, be likely to appear.   In all such cases the specific objection or defect relied upon must be pointed out.   For these reasons we shall not consider some of the questions presented in this court.

The same objection does not apply to the objection made to the offer of the record of the meeting of the stockholders of the Muskegon & Big Rapids Railroad Company, held to ratify the consolidation agreement.  The objection made was that no proof of notice of such stockholders' meeting had been given.  No such evidence was given or offered, and in the absence thereof it did not appear that a legal meeting of the stockholders had been held.   It does not appear therefore from the record in this case that there was a perfected consolidation of these companies, such as would entitle the consolidated company to the stock subscriptions of the Mus-

kegon & Big Rapids Railroad Company, and the plaintiff in his declaration having alleged an assignment from a consolidated company must fail if the evidence does not show that the statute had been substantially complied with and a proper consolidation perfected.

The evidence also tended to show an assignment of these stock subscriptions direct from the Muskegon & Big Rapids Railroad Company to Mariner and by him to plaintiff, but as the plaintiff had not declared upon any such assignment the proof made cannot avail him.

In any event a question may arise whether stock subscriptions like those sued upon are assignable, but as such question was not raised, we express no opinion thereon, at the present stage of this case.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.