## No. 8970.

### LOUIS JOHNSON vs. BERNHARD MEYER.

An action for damages for the wrongful issuance of a writ of provisional seizure, not being based on any bond, is for a *quasi* offense and prescribed by one year.

An action of ejectment by a landlord against a tenant, unaccompanied by any interference with person or property, forms no ground of claim for damages, without clear proof of malice and want of probable cause.

The landlord's right of re-entry into the leased premises, after the expiration of the lease, is absolute; and where the person left in physical possession by the tenant voluntarily surrenders the keys and possession to the landlord, even against the tenant's will, the landlord's peaceable entry violates no right of the tenant and gives the latter no claim for damages.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

P. J. *Kramer* and A. J. *Ker* for Plaintiff and Appellee.

L. F. *Bouchereau*, A. A. *Ker* and J. *Duvigneaud* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This is an action sounding in damages resulting from three alleged causes, viz:

1. That defendant, having leased certain premises to plaintiff, wrongfully sued him for rent which was not due and caused a writ of provisional seizure to be issued, under which his property was seized and which was dissolved by the court as having been wrongfully issued.

The provisional seizure was executed on the 18th, bonded on the 20th and dissolved on the 24th of June, 1881. The present suit for damages was filed on September 29, 1882.

The plea of prescription of one year, as to this cause of action, was manifestly well taken.

2. That on the 14th of July, 1881, during the pendency of the lease, defendant instituted an action for possession of the premises, which was decided against him.

As this action was not accompanied by any process interfering with person and property and is not shown to have been maliciously prosecuted, it furnishes no ground for an action of damages.

3. That on the 2d day of October, 1881, defendant took possession of the property which had been leased, during the absence of plaintiff from the city and without his consent.

The evidence is uncontradicted that the lease expired on the 30th of September, and the landlord's right of re-entry was absolute unless he had permitted the tenant to remain for a week without opposition, which he had not done.    C. C. 2689.

Defendant demanded possession on the 1st of October, when plaintiff's attorney, who was present, refused to permit him to take it.   Subsequently, the person had been left in physical possession of the house surrendered the keys to defendant and voluntarily gave him possession. We can conceive of no right of plaintiff that was violated thereby and are at a loss to discover on what ground damages could be recovered for such entry.

The pendency of a suit for possession, instituted long prior to the expiration of the lease, could have no influence on the absolute right of the landlord to re-enter after its expiration.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is now decreed that plaintiff's demand be rejected at his costs in both courts.