Taylor v. Wendling et al.

## TAYLOR v. WENDLING ET AL.

1. **Judgment:** JUDGMENT DOCKET AS EVIDENCE OF. The judgment docket is only secondary evidence of a judgment. The record is the primary and best evidence. *Moore v. McKinley*, 60 Iowa, 568, followed.

2. **Evidence:** OBJECTIONS TO: WHAT CONSIDERED ON APPEAL. Only such objections as are made on the trial will be considered on appeal to this court. Accordingly, where the objection made on the trial to secondary evidence was that it was "irrelevant, immaterial and incompetent," the objection that it was secondary cannot be urged for the first time in this court.

3. **Mortgage:** IN EXCESS OF INDEBTEDNESS: BADGE OF FRAUD. A mortgage given for a sum larger than the legitimate indebtedness, in the absence of explanatory evidence, is a badge of fraud, and may, in and of itself, be sufficient to establish a fraudulent intent; (see authorities cited in opinion;) and, there being no satisfactory explanation of such fact in this case, a mortgage from husband to wife is *held* to be without consideration, and void as to existing creditors.

4. **Fraudulent Mortgage:** ATTACHMENT OF PROPERTY FOR DEBT OF MORTGAGEE: PRIORITY OVER ASSIGNEE OF MORTGAGE. A husband made to his wife a mortgage without consideration, which she assigned to plaintiff. A creditor of the wife had an attachment running against her alone levied upon the property. *Held* that the wife had no interest in the property which could be attached, and that her creditor's attachment created no lien superior to the rights of the assignee of the mortgage.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 13.

ACTION to foreclose a mortgage executed by Wenzel Taylor to his wife, Barbara, and by her assigned to the plaintiff. The defendants were made parties on the ground that they had liens on the mortgaged property which were junior to the plaintiff's lien. The circuit court adjudged that the lien of the defendants was superior to the mortgage, and the plaintiff appeals.

*Willett & Willett*, for appellants.

No appearance for appellees.

SEEVERS, J.—I.  The defendant Wendling, for the purpose of establishing his lien, offered in evidence a certified

**1. JUDGMENT:** judgment docket as evidence of.

abstract of the judgment docket of the district court of the county in which the land is situated. To this evidence the plaintiff objected, on the ground that it was " irrelevant, immaterial and incompetent." The objection was overruled, and it is renewed in this court. In *Moore v. McKinley*, 60 Iowa, 367, it was held that the judgment docket is secondary evidence.  In that case no

**2. EVIDENCE:** objections to: what considered on appeal.

objection was made to the evidence in the lower court.  Nor was there in this case that the evidence was secondary, but that, conceding it to be primary evidence, it was immaterial and incompetent.  The evidence is both material and competent, and the objection that it is secondary cannot be urged for the first time in this court.

II.  The plaintiff's mortgage is first in point of time, but the defendants pleaded that it was given to hinder, delay and

**3. MORTGAGE:** in excess of indebtedness: badge of fraud.

defraud the creditors of the mortgagor, who, at the time it was given, was insolvent.  The mortgagor, being largely indebted, executed, at the solicitation of an attorney, certain mortgages for the purpose of securing certain of his creditors, and then executed the mortgage in question, because "he was indebted to his wife for money that she had let him have."  The amount he was so indebted was not stated.  His wife was not present at this time, and it is not certain that she had any knowledge of the mortgage until after it was recorded.  The mortgage was given to secure a note for $3,000, payable in one year after date, with ten per cent interest.  The note was executed at the same time the mortgage was.  The person who draughted the mortgage testified that the mortgagor, in addition thereto,

"selected some $2,000 or $3,000 of notes and accounts, and transferred them to his wife." Counsel for appellant insists that this evidence should not be credited, but there is nothing in the record which will authorize us to disregard it.

There is no certain and direct evidence that the mortgagor was indebted in any sum whatever to his wife at the time the mortgage was executed, but there is evidence showing that several years prior thereto she had let him have not exceeding $1,250. The mortgagor, then, being in failing circumstances, and actually insolvent, executed to his wife a mortgage for $3,000, and gave her selected notes and accounts of the supposed value of at least $2,000. It has been held that a mortgage given for a sum larger than the legitimate indebtedness, in the absence of explanatory evidence, is a badge of fraud, and may, in and of itself, be sufficient to establish a fraudulent purpose. *Davenport v. Cummings*, 15 Iowa, 219; *Butts v. Peacock*, 23 Wis., 359; *Tripp v. Vincent*, 8 Paige, Ch., 176; *Beeler's Heirs v. Bullitt's Heirs*, 3 A. K. Marsh., 280; *Lynde v. McGregor*, 95 Mass., 172; *Wood v. Scott*, 55 Iowa, 114.

It may well be presumed, in the absence of any evidence to the contrary, that the notes and accounts were amply sufficient to secure the indebtedness from the mortgagor to his wife. We think the burden was on the plaintiff, under the circumstances, to show the value of the notes and accounts, and the amount of the indebtedness, if any in fact existed. But, conceding that there was such indebtedness to the amount of $1,250, we think there was no consideration for the mortgage, and that it is fraudulent and void as to existing creditors.

III. The defendant Anna Pitzinna claims that she is an attaching creditor, and therefore the mortgage is void as to

4. FRAUDULENT mortgage: attachment of property for debt of mortgagee: priority over assignee of mortgage.

her. The real estate attached was owned by Wenzel Taylor. Barbara Taylor, his wife, and mortgagee, had no interest therein except her distributive share contingent upon her surviving her husband, and as such mortgagee. The

attachment was issued against Barbara Taylor alone, and the real estate was attached as her property. It cannot be successfully maintained, we think, that Barbara Taylor had any interest in the real estate which could be attached, and a lien thereby established thereon against the owner. It does not appear from the record before us that the defendant Pitzinna is a creditor of Wenzel Taylor. All that appears is that the latter gave her a note; but it is not sought in this action to have it established as an indebtedness against him. The decree of the circuit court in favor of Anna Pitzinna must be reversed, and as to the defendant Wendling it must be

AFFIRMED.