SAMUEL H. BELL v. THE ATLANTIC CITY RAILROAD COMPANY.

1. In suits for malicious prosecution, the question of the existence of reasonable cause, the facts not being in dispute, must be decided by the court. Error in this respect entitles the defendant to a new trial.
2. The verdict was plainly against the proofs and the assessment of damages grossly excessive. On either ground it would be set aside.

------

Motion for a new trial.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the motion, *J. Willard Morgan.*

*Contra, John W. Wescott.*

PER CURIAM.

This suit is for a malicious prosecution, in causing the plaintiff's arrest for an imputed crime.

The conclusion of the court is, that the rule to show cause why a new trial should not be granted must be made absolute.

This opinion rests upon various grounds, which will be briefly indicated, so as to guide the cause in its future progress. First, we think that the question of the existence of a reasonable cause for the prosecution in question should have been decided by the court, and should not have been left, as it was, to the jury. The facts on which that question turned were not, as it seems to us, in any degree in dispute, and when that is the condition of affairs the legal rule is that it is the function of the court to pass upon their effect in law. To omit such duty was to deprive the defendant of the important right of testing, in a definite form, by a bill of exception and writ of error, the legal value of the plaintiff's case in its most important feature. In the presence of such a mistake as this, it is not possible to permit the verdict to stand.

In the next place, we have altogether failed to find anything in the case from which the jury could rightfully conclude that the action of the defendant in this affair was the creature of malice. We have looked in vain for a single circumstance that would seem to show any purpose for the prosecution other than a desire to vindicate the public law. There seems to be not the least trace of any other motive.

The same criticism applies to the repudiation by the jury of the defence that the proceeding complained of was set on foot upon the advice of counsel. As the testimony is understood by us, it plainly shows that all the facts in the possession of the defendant were laid before counsel, and that his advice was that it was its duty to prosecute. In this respect we see no reason to doubt that a complete bar to the action was established.

The rejection by the jury of so plain a defence as this can only be accounted for by the presence of that prejudice so strikingly exhibited in their assessment of damages. This case has been twice tried on substantially the same evidence, the former jury estimating the damages at $4,000, while the present one has multiplied that sum by five. In view of so absurd an estimate, the verdict loses all force with respect to the other particulars of the case. Nor does the suggestion of

the counsel of the plaintiff, that the large amount thus awarded was intended as a "deterrent," help the legality of the matter, for it places the action of the jury in this respect in hostility to the instruction of the court, which excluded everything in the nature of punitive damages.

A new trial is ordered.