FRANK A. MAGOWAN, Jr., v. ALEXANDER H. RICKEY.

Argued November 9 and 10, 1899—Decided February 26, 1900.

1. To support an action for malicious prosecution the plaintiff must show by a preponderance of evidence—first, that the prosecution is ended, and that he is duly discharged; second, that the defendant instituted the proceedings against him without reasonable or probable cause; third, that the defendant was actuated by a malicious motive in making the charge.

2. The mere fact that the complaint was rejected by the grand jury, is not sufficient to show a want of probable cause.

3. If probable cause is shown, it is immaterial whether or not there was malice.

4. If the defendant fairly states the facts in his possession to counsel, and is advised that he has a right to make the complaint, an action will not lie against him.

5. When facts not controverted show reasonable and probable cause, a verdict should be directed for defendant.

6. The burden is not on the plaintiff to establish his innocence of the charge; his innocence is presumed and is not in issue.

---

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *John H. Backes.*

For the defendant, *James Buchanan.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action for malicious prosecution.

The defendant, on the 7th of February, 1898, preferred before a justice of the peace a charge that the plaintiff broke and entered his dwelling-house and stole therefrom certain personal property. The plaintiff was thereupon arrested, taken before the justice, and recognized to appear before the next term of the Court of Oyer and Terminer of Mercer county.

The grand jury failed to find a true bill against the plaintiff, and he was discharged from custody, and not further prosecuted.

To support this action the burden was on the plaintiff to show by a preponderance of evidence—first, that the prosecution was ended, and that he was duly discharged; second, that the defendant instituted the proceedings against him without reasonable or probable cause; third, that the defendant was actuated by a malicious motive in making the charge.

There is no question that the first of these propositions was abundantly established.

To maintain the second proposition, the want of probable cause, it is not sufficient to show merely the rejection of the complaint by the grand jury; there must in addition be some evidence from which it may be inferred that the prosecution was without probable cause. *Apgar* v. *Woolston*, 14 *Vroom* 57.

The existence also of an illegal intention on the part of the defendant in this action is as essential to its support as were the falsity of the crimination, and the absence of a reasonable ground for a belief in its truth. *O'Brien* v. *Frasier*, 18 *Vroom* 349.

It is not necessary to consider whether the evidence necessary to supplement the proof of want of probable cause was adduced by the plaintiff.

The testimony submitted on the trial by the defendant clearly shows that the circumstances communicated to him, and upon which he had reasonable ground to rely, fully justified his action.

While it is immaterial whether or not he was actuated by malice, if he had reasonable and probable cause for making the complaint, yet in this case it fully appears that the defendant acted cautiously, after due investigation and deliberation, and not rashly, and that there is an entire absence of evidence upon which the charge of malice can be rested.

It also appears that before he procured the arrest, the defendant stated with substantial accuracy to the prosecutor of the pleas of the county the information he had been able to procure touching the guilt of the plaintiff, and that the prosecutor, after he had carefully considered the subject and the incriminating circumstances, advised him that it would be proper to prefer the charge.

These facts, on which the case turned, were not, as it seems to us, in any material degree in dispute, and it was therefore the function of the court to pass upon their effect in law.

The question of the existence of a reasonable and probable cause for the prosecution and of the presence of malice should have been decided by the court and should not have been left, as it was, to the jury.

A verdict should have been directed for the defendant. *Bell* v. *Atlantic City Railroad Co.*, 29 *Vr.* 227; *Stricker* v. *Pennsylvania Railroad Co.*, 31 *Id.* 230.

The question of the guilt or innocence of the plaintiff is not involved in this action. He is presumed to be innocent, and the jury could not pass upon that question.

The jury manifestly misapprehended the charge of the court in that respect.

In the charge of the court the following language occurs : "Magowan has put in evidence here facts which he claims prove him innocent of the charge. If he has not satisfied you by a preponderance of evidence that he was innocent of it, then you need go no further in the consideration of this case, for it would be your duty to render a verdict for the defendant."

There was no burden resting on the plaintiff to establish his innocence ; that could not be controverted. The issue

was whether the defendant had reasonable and probable cause to believe he was guilty.

The jury probably inferred, from the instruction quoted, that a verdict for the defendant would imply that they believed the plaintiff to be guilty, although the trial judge subsequently told them that, admitting Magowan was not guilty, a verdict could not be rendered against the defendant if he had reasonable and probable cause to make the complaint.

It is not consistent with public policy unreasonably to discourage criminal prosecution at the instance of private individuals.

If, in a case like this, a verdict for damages can be maintained, no citizen can safely intervene to bring to justice offenders against the criminal law.

The verdict should be set aside and a *venire de novo* awarded.