MICHAEL J. LANE, DEFENDANT IN ERROR, v. PENNSYL-
VANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

ELLEN LANE, DEFENDANT IN ERROR, v. PENNSYLVANIA
RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued December 3, 1909—Decided June 20, 1910.

1.  In cases of criminal prosecutions, probable cause means reason-
    able grounds for suspicion supported by circumstances sufficiently
    strong in themselves to warrant an ordinarily cautious man in
    the belief that the accused is guilty of the offence with which he
    is charged.
2.  To constitute probable cause a prosecutor need not necessarily
    have personal knowledge of the transaction of which he com-
    plains; he may rightfully act upon information communicated
    to him in the ordinary routine of business, where he honestly
    believes such information to be true and the information is of
    such a character, and is communicated in such a manner as, under
    similar circumstances, it would be acted upon by a business man
    of ordinary prudence.
3.  The question of probable cause does not turn upon a consideration
    of what were the facts of the case, but upon a consideration of
    what were the facts as they appeared to, or were known by, or
    were believed to be by the defendant. The controlling fact is
    not was there actual cause for the prosecution, but had the de-
    fendant, at the time of instituting the prosecution, probable cause
    for so doing.
4.  Where goods of the defendant had been stolen, and it appeared
    by the undisputed testimony that two of the defendant's regularly
    employed watchmen reported to the defendant that they had seen
    the plaintiff steal the goods and that he had admitted to them
    that he had done so, the defendant was warranted in believing
    that the plaintiff was guilty, and, in the absence of evidence
    tending to show negligence or bad faith in the employment of the
    watchmen or that the defendant knew, or had reason to suspect
    the information to be false, constituted probable cause for suing
    out a warrant to search the plaintiff's dwelling-house.
5.  The question of probable cause does not turn upon the actual
    commission of the original wrong charged. If the evidence shows
    sufficient ground for believing it to have been committed, the
    justification is made out.
6.  Where the facts are undisputed and but one inference can be
    drawn from them, the question of probable cause is one of law
    for the court alone, and it is erroneous to submit any phase of
    the question to the determination of the jury.

On error to the Supreme Court.

For the plaintiff in error, *Vredenburgh, Wall & Carey.*

For the defendants in error, *Herbert Clark Gilson.*

The opinion of the court was delivered by

TRENCHARD, J.   These two writs of error bring up for review judgments against the Pennsylvania Railroad Company entered in the Supreme Court on verdicts in the Hudson Circuit, one at the suit of Michael J. Lane, the other at the suit of Ellen Lane.

The actions were tried and have been argued here together.

In their declarations, as amended at the trial, both plaintiffs averred that the defendant, by its servants, with force and arms, &c., entered the dwelling-house of the plaintiff.   In each case the defendant pleaded, besides the general issue, a special plea which was treated at the trial, and in the argument in this court, as a plea justifying under a search-warrant.   Both plaintiffs replied *de injuria.*

In each case, at the close of the evidence, the defendant moved for a direction of a verdict in its favor for the reason, among others, that the proofs demonstrated that the defendant had probable cause for suing out the search-warrant.

The trial judge denied the motion and submitted to the jury the question of probable cause, instructing them that if they found no probable cause for suing out the warrant the plaintiffs were entitled to recover.   That action is assigned as error.

Not only were the actions tried below both by the court and counsel upon the theory that, if there was a want of probable cause for suing out the search-warrant, the plaintiffs were entitled to recover, but they also have been argued in this court upon the same theory.

Assuming, but not deciding, that the declarations state a cause of action, and assuming, but not deciding, that the pleas set up a justification, we are of the opinion, in view of the state of the evidence, that the learned trial judge erred

in submitting the question of want of probable cause to the jury.

The trial judge charged the jury, and properly, we think, that it was "manifest and undisputed" by the evidence that certain goods had been stolen from the cars of the defendant company. There was evidence tending to show, and the jury must have found, that a warrant authorizing a search of the premises occupied by the plaintiffs · was regularly issued on the complaint of the officers of the defendant company, for the judge charged the jury that unless they found that such warrant had been issued there could be no recovery. He then proceeded with the instruction, of which complaint is made, that, if there was a want of probable cause for suing out the warrant, the plaintiffs were entitled to recover.

In cases of criminal prosecutions probable cause means reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that the accused is guilty of the offence with which he is charged. *Spencer* v. *Anness,* 3 *Vroom* 100; *Stricker* v. *Pennsylvania Railroad Co.,* 31 *Id.* 230; *Miller* v. *Milligan,* 48 *Barb.* 30; 26 *Cyc.* 24, and cases cited.

To constitute probable cause a prosecutor need not necessarily have personal knowledge of the transaction of which he complains; he may rightfully act upon information communicated to him in the ordinary routine of business, where he honestly believes such information to be true, and the information is of such a character, and is communicated in such a manner as, under similar circumstances, it would be acted upon by a business man of ordinary prudence. *Spencer* v. *Anness, supra; Gallaway* v. *Burr,* 32 *Mich.* 332; *Lamb* v. *Galland,* 44 *Cal.* 609; *Chatfield* v. *Comerford,* 4 *Fost. & F.* 1008; *Lister* v. *Perryman, L. R.,* 4 *H. L. Cas.* 521; *Miller* v. *Milligan, supra.*

Nor does the question of probable cause turn upon a consideration of what were the facts of the case, as the trial judge seems to have charged, but upon a consideration of what were the facts as they appeared to, or were known by, or were

believed to be by the defendant. *James* v. *Phelps*, 11 *Adolph. & E.* 483. The controlling fact is not was there actual cause for the prosecution, but had the defendant, at the time of instituting the prosecution, probable cause for so doing.

In the present case, as we have pointed out, it was undisputed that certain goods had been stolen from the cars of the defendant company. It further appeared from the evidence and was undisputed that Michael J. Lane, one of the plaintiffs, was employed by the defendant as a watchman in the yard where the cars were; that he with the other plaintiff, his wife, lived in the premises entered and searched; that before the search-warrant was sued out two other watchmen, employed by the defendant company to detect stealing, reported to the defendant that they saw the plaintiff Michael J. Lane steal the goods from the defendant's car, and that Lane had admitted to them that he had done so.

Clearly such information communicated by regularly employed watchmen warranted the defendant in believing that Lane had stolen the goods, and, in the absence of evidence tending to show negligence or bad faith in the employment of the watchmen, or that the defendant knew or had reason to suspect the information to be false, constituted probable cause for suing out the search-warrant. *Spencer* v. *Anness, supra; Mure* v. *Kay*, 4 *Taunt.* 43.

We do not perceive any evidence of bad faith. There is nothing to show that the defendant knew, or had reason to suspect, the information to be false. It was communicated in the ordinary routine of business, and there was no evidence of negligence or bad faith in the employment of the watchmen who furnished the information.

It is true that the evidence at the trial tended to show the innocence of the plaintiff Michael J. Lane. But the question of probable cause does not turn upon the actual commission of the original wrong charged. The evidence showed sufficient ground for believing it to have been committed, and the justification was made out.

Where, as in this case, the facts are undisputed, and but one inference can be drawn from them, the question of prob-

able cause is one of law for the court alone, and it is erroneous to submit any phase of the question to the determination of the jury. *Bell* v. *Atlantic City Railroad Co.,* 29 *Vroom* 227; *Magowan* v. *Rickey,* 35 *Id.* 402; *Stricker* v. *Pennsylvania Railroad Co., supra; McFadden* v. *Lane,* 42 *Id.* 624, 628; *Hartdorn* v. *Webb Manufacturing Co.,* 75 *Atl. Rep.* 893.

Since the judgments are upon verdicts predicated upon the finding by the jury of a want of probable cause for suing out the search-warrant, they cannot be permitted to stand. Whether, if there had been a jury question with respect to probable cause, the plaintiff in either case could have recovered in view of the pleadings and the other proofs, we express no opinion.

For the reasons stated the judgment below in both cases will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 15.