ISAAC SUNDERBRAND, PLAINTIFF IN ERROR, v. JACOB SHILLS, DEFENDANT IN ERROR.

Submitted December 11, 1911—Decided March 15, 1912.

Plaintiff was in defendant's employ and in the course of his work used a bicycle and coat of the defendant. Upon his leaving the employment, the defendant demanded the bicycle and coat, to which plaintiff replied "that's all right." The defendant without looking for the articles, had plaintiff arrested for larceny; after a hearing the plaintiff was discharged by the magistrate; all the clerks of defendant made use of the bicycle and coat and plaintiff testified that he left them in defendant's store. *Held*, that there were no disputed facts bearing on the question of probable cause, that that question was for the court, and the defendant was not injured by a refusal to charge a request which, in order to justify a verdict for the plaintiff, required the jury to find that there was no probable cause for the complaint.

On error to the Atlantic Circuit Court.

For the defendant in error, *Chandler & Robertson.*

For the plaintiff in error, *Garrison & Voorhees.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was employed by defendant in his business at Atlantic City, and while so employed, was furnished by defendant with a bicycle and a rubber coat, which plaintiff frequently used in the performance of the duties of his employment. While the defendant was paying him off after the plaintiff had decided to quit the employment, the defendant asked him for the articles, and the plaintiff said: "Never mind, they would be all right." Within two days thereafter the defendant entered a complaint against the plaintiff before a local justice of the peace, charging the plaintiff with larceny of the bicycle and coat, and thereupon the plaintiff was apprehended, detained for a time in the justice's office, released upon bail, and after a trial, continuing into two sessions, was discharged by the justice, who concluded his judgment with the observation that the plaintiff's apprehension was but "spite work."

The plaintiff then instituted this suit for damages consequent upon his alleged false imprisonment and malicious prosecution, and succeeded in obtaining a verdict for $500.

We are asked to reverse this finding of the jury upon substantially two grounds—*first,* that the trial court improperly refused to nonsuit the plaintiff or to direct a verdict for the defendant; *secondly,* that the court refused to charge the jury as requested by defendant.

The refusal to nonsuit and the refusal to direct a verdict were not erroneous. The essential legal factors in the plaintiff's proof under the familiar rules of law were comprehended in his ability to show:

*First.* That the prosecution had been concluded.

*Second.* That the complaining witness instituted the proceedings complained of without probable cause; and,

*Third.* That the complainant was actuated by malice in making the charge.

*Magowan* v. *Rickey,* 35 *Vroom* 402.

The plaintiff sustained this burden, for there was ample testimony before the jury from which they might conclude that the plaintiff was discharged as a result of a legal hearing which terminated the prosecution. The evidence was undisputed that the defendant without even looking for the bicycle and coat had the plaintiff arrested for larceny. Even if the articles were missing there was nothing to show that the plaintiff had taken them improperly, much less that he had taken them with a criminal intent. The court would therefore have been justified in holding that there was no probable cause for the arrest. *Bell* v. *Atlantic City Railroad,* 29 *Vroom* 227.

The absence of probable cause necessarily imports the existence of malice in defendant's conduct. *Magowan* v. *Rickey, supra.* The existence of malice might be based not only upon the legal presumption following the want of probable cause, but also upon the testimony in the case of an affirmative character upon that subject. Of such a character was the plaintiff's statement that the defendant said to him when leaving: "Now, listen. If you are going to work for my brother (a competitor in business) I am going to make you some trouble." The plaintiff endeavored to remind him of his, the plaintiff's, faithful services, but the defendant persisted, and said: "That's all right, if you go I will make you some trouble." It was also in evidence that for two months prior to the plaintiff's leaving the employment neither the bicycle nor the coat had been in his possession, and that others known to the defendant were accustomed to use both articles.

At the conclusion of the case, after the court in charging the jury had stated the essential elements which go to make up the gravamen of such an action, the defendant preferred the following request:

"You must find that this arrest was made from malice; that there was no probable cause for the complaint; and

that the defendant was fully discharged, in order to find a verdict in favor of the plaintiff and against the defendant."

The court properly refused to so charge, since the request involved the submission to the jury of the question of probable cause. That question is always for the court in this class of cases. Where there are disputed facts, the actual facts must be determined by the jury, and it is for the court to instruct as to probable cause or the want of it according as the jury find the facts one way or the other.

The fact that the defendant consulted a justice of the peace before instituting the prosecution, bore upon the question of malice and the defendant's *bona fide* intent, and presented a fact for the jury's consideration; but such fact, under the adjudicated cases, which are based upon independent advice of counsel learned in the law in such exigencies, would not absolve the defendant from the legal consequences of an act which the jury under all the facts and circumstances could have found to be at once wanton and malicious. *Potter* v. *Casterline,* 12 *Vroom* 22.

Nor is the criticism of substance, that the court in commenting upon the defendant's testimony in the charge referred to it as "His own story, and he thought the plaintiff had his bicycle and his coat and that he used the criminal process of the court to procure a return of these goods." The court left these facts to the jury to determine, and the reference to them was a species of comment which it was within the court's province to make—comment which we are unable to perceive would operate in this case to the defendant's injury. *State* v. *Raymond,* 24 *Vroom* 260; *Smith* v. *State,* 12 *Id.* 370.

Finding no error the judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.