HARRY PROSTICK, PLAINTIFF-APPELLANT, v. JOHN VROOM, DEFENDANT-RESPONDENT.

Argued October 21, 1942—Decided January 22, 1943.

For the plaintiff-appellant, *Hammer & Hammer* (*Joseph Grossman,* of counsel).

For the defendant-respondent, *Heyman Zimel* (*Abraham Brenman,* of counsel).

The opinion of the court was delivered by

PORTER, J.   This is an appeal from a judgment entered in the Supreme Court reversing a judgment recovered by the plaintiff in an action for malicious prosecution in the Clifton District Court.

The material facts are not in dispute.   On April 15th, 1939, the wife of the defendant accompanied by her daughter purchased from the plaintiff at his jewelry store a Bulova "Clipper" wrist watch for $14.   The plaintiff gave the purchaser his card on which was written "April 15th, 1939—Bulova Strap Watch—Clipper—One years service free" to which was signed the plaintiff's initials "H. P."   The watch was presented to defendant's son.   Within the year the watch was taken to the plaintiff by the son for repairs at which time he was told that there was sand in the watch and that the free service did not cover such a condition and that a charge would be made for repairs.   The watch was then taken by the son to the place of business of the Bulova Watch Company in New York from whom the information was received by letter that the movement was a 1936 model, that the name 'Bulova' on the dial was a forgery and that the case was not a Bulova case but an imitation of its "Clipper" model.   The defendant's wife and daughter say that the watch was represented by the plaintiff to be a new watch.   The plaintiff says that he sold it to them as a rebuilt watch and not as a new one.   However that may be, the undisputed fact is that the defendant was told by his wife and daughter that it was bought as a new watch.   With the information thus obtained the defendant went to the office of the Prosecutor of the Pleas of Passaic County and disclosed the information to the person in charge and was advised that a complaint could be made.   A complaint was prepared by the prosecutor's office charging the plaintiff with willfully, knowingly, designedly

and unlawfully making false representations with respect to the watch which the defendant then and there signed. The plaintiff waived the indictment and a jury and was tried by the judge of the Criminal Judicial District Court and was acquitted.

The plaintiff then instituted suit for malicious prosecution in the Clifton District Court. The trial court sitting without a jury found as facts that the suit was brought maliciously and without probable cause. The Supreme Court in reversing held that the question of probable cause had been erroneously found. We are in accord with that conclusion.

The law is well settled that where the facts are not in dispute, as in this case, it is the function of the court to pass upon the question of the existence of reasonable or probable cause for the prosecution *as a question of law*. *Bell* v. *Atlantic City Railroad Co.,* 58 *N. J. L.* 227; 33 *Atl. Rep.* 211; *Magowan* v. *Rickey,* 64 *N. J. L.* 402; 45 *Atl. Rep.* 804; *Lane* v. *Pennsylvania Railroad Co.,* 78 *N. J. L.* 672; 76 *Atl. Rep.* 1016; *Sunderbrand* v. *Shills,* 82 *N. J. L.* 700; 82 *Atl. Rep.* 914; *Vladar* v. *Klopman,* 89 *N. J. L.* 575; 99 *Atl. Rep.* 330; *MacLaughlin* v. *Lehigh Valley Railroad Co.,* 93 *N. J. L.* 263; 108 *Atl. Rep.* 309; *Colgan* v. *Sullivan,* 94 *N. J. L.* 201; 109 *Atl. Rep.* 568; *Greenberg* v. *Rose,* 98 *N. J. L.* 881; 121 *Atl. Rep.* 616; *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *N. J. L.* 545; 19 *Atl. Rep.* (2d) 678.

In *Lane* v. *Pennsylvania Railroad Co., supra,* this court said: "In cases of criminal prosecutions probable cause means reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that the accused is guilty of the offense with which he is charged." And: "To constitute probable cause a prosecutor need not necessarily have personal knowledge of the transaction of which he complains; he may rightly act upon information communicated to him in the ordinary routine of business, where he honestly believes such information to be true, and the information is of such a character, and is communicated in such a manner as, under similar circumstances, it would be acted upon by a business man of ordinary prudence."

Tested by these adjudications the facts clearly show as a matter of law that the prosecutor had reasonable and probable cause for making the complaint and it was error for the trial court to have found otherwise.

The judgment appealed from will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—COLIE, J. 1.