73 N.J. Super. 168 (1962)
179 A.2d 188
STATE OF NEW JERSEY,
v.
JOSEPH V. CARDINALE, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided March 8, 1962.
*170 Mr. John J. Gillies, Assistant Prosecutor of Essex County, for plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Michael Salandra for defendant.
MASUCCI, J.C.C.
This is a motion by the defendant to suppress evidence which he claims was obtained in an unlawful search and seizure.
The defendant stands indicted for violations of N.J.S. 2A:112-3, namely, (1) operating a place where persons might resort for the purpose of gambling, and (2) willfully and unlawfully making book on horse races.
The evidence sought to be suppressed consists of horse race slips and other gambling paraphernalia seized in a haberdashery store owned and operated by defendant. It includes two slips obtained from defendant's person, 24 slips found in an adjacent hallway, 11 Armstrong racing sheets found in the store, and 13 account slips found in the cash register.
The Fourth Amendment of the United States Constitution and Art. I, par. 7 of the 1947 New Jersey Constitution prohibit unreasonable searches and seizures. Our United States Supreme Court has repeatedly emphasized that the mandate of said amendment requires adherence to judicial processes. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). Only where the search is incidental to a valid arrest, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), or in "exceptional circumstances," *171 Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), may an exemption lie from the requirement of a search warrant, and then the burden is on those seeking the exemption to show the need for it. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). This protection of the Fourth Amendment extends to business premises as well as dwelling houses. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931). However, such constitutional restrictions are directed solely against "unreasonable searches and seizures," whether under the United States or our New Jersey Constitution. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Eleuteri v. Richman, 47 Super. 1 (App. Div. 1957).
In order to determine the constitutionality of the searches and seizures here involved, the actions of the officers must be considered in two phases, bearing in mind that there was no search until after the arrest of the defendant.
The first phase was the surveillance of the defendant's store prior to their entrance. They observed several people entering and leaving the store without making any apparent purchases, and observed defendant leave the store, enter an adjacent hallway and re-enter the store. Such actions, in themselves, although insufficient to warrant a conviction, are significant and unusual for a person engaged in a haberdashery business, and are more consistent with the furtive operation of an illegal business and sufficient to warrant reasonable grounds for suspicion and belief that defendant was operating his place of business for illegal purposes, which is all that is required to determine that the entry was reasonable.
Absolute proof that a crime is being committed is not required. It is sufficient if the acts and circumstances considered in the light of their relation to each other and to the apparently lawful business conducted or purportedly being conducted by the person under surveillance, be such *172 as to arouse a suspicion and engender an honest belief that a crime is being committed, such as would be acted upon by an ordinarily prudent person. Lane v. Pennsylvania R.R. Co., 78 N.J.L. 672 (E. & A. 1910); In re Berlin, 19 N.J. 522 (1955). As Justice Wachenfeld stated in the Berlin case (though the issue there was the sufficiency of facts for the granting of a search warrant, the language is applicable to the case at bar):
"If the facts submitted in the instant case were not sufficient cause for granting a search warrant, such warrants would become obsolete for failure of usage."
Likewise, if the facts in the instant case were not sufficient to justify a search without first obtaining a warrant, it is difficult to conceive of any situation where a search could be made unless a search warrant was first obtained.
It may be that the procurement of a warrant would have been advisable and the issue here raised avoided, but it must be borne in mind that the officers' entry in and of itself was a legal one since the defendant's place was open to the public, with an implied invitation to members of the public, be they private individuals or public officials, to enter the same.
The entry by the officers was, therefore, lawful both by reason of the implied invitation and because the search, if any was intended at the time, would have been reasonable under the circumstances.
The second phase involves the actions and circumstances following the officers' entry.
The officers testified that upon entering the store, they observed defendant behind the counter with two pieces of yellow paper in one hand and money in the other hand. Upon their approaching defendant and one of the officers identifying himself, defendant immediately dropped the papers he had in his hand, which were retrieved by one of the officers from the floor behind the counter and proved to be horse race slips. Defendant claims they were taken *173 away from him by forcing his hand open. It is more probable that, taken by surprise, defendant's natural reaction was to get rid of the incriminating evidence, and this court so finds. Defendant was then placed under arrest and the officers proceeded with their search of the premises and other persons in the store.
Next to be considered is whether this search after entry could be justified as incidental to the arrest. The disposition of this question depends upon the legality of the arrest. United States v. Rabinowitz, supra; Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958).
Admittedly, the officers had no warrant for the arrest of defendant. The offenses for which defendant was arrested are what is commonly known as "bookmaking" and the operation of a place where persons might resort for the purpose of gambling. By N.J.S. 2A:112-3 the offenses are classified as misdemeanors. It has been held in United States v. Rabinowitz, 339 U.S. 56, at p. 65, 70 S.Ct., at p. 435:
"Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential."
All of the circumstances prior to the entry and in addition the visible possession of the illegal racing slips and the hasty attempt to dispose of them, occurred in the presence of the officers and were sufficient evidence of the crime charged or, at least, sufficient evidence from which a jury might infer guilt and, therefore, justified the arrest of defendant for an offense committed within the officers' presence and view. This court, therefore, determines that the arrest was valid and the incidental search of the defendant's store reasonable. United States v. Rabinowitz, supra.
There remains the question of the reasonableness of the seizure of the 24 betting slips found in the adjacent hallway. It is well settled that arresting officers have the right to search the premises where the arrest is made and *174 seize things connected with the crime as its fruits or as the means by which it was committed. United States v. Rabinowitz, supra. In the instant case these slips seized in the hallway were the instrumentalities of the crime of "bookmaking." The entrance by the police officers into said hallway was in no way a general exploratory search. The officers observed the defendant enter and leave the hallway, and it was reasonable for them to believe that the defendant had secreted therein the instrumentalities of the crime for which the arrest was made. Therefore, this court finds that the 24 slips were also the product of a search and seizure reasonably incidental to the arrest.
The decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), quoted at length by the defendant, is not helpful on the issue here present, of whether the search and seizure were unreasonable.
For the reasons stated, the motion to suppress is denied.