STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PETER DeGRAZIO AND ANTHONY PANNACHIO, DEFENDANTS-RESPONDENTS.

Argued December 18, 1962—Decided February 18, 1963.

*Mr. Peter Murray,* Assistant Prosecutor of Essex County, argued the cause for the appellant (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

*Mr. George R. Sommer* argued the cause for the respondents.

The opinion of the court was delivered by

JACOBS, J.   The Law Division granted the defendants' motion to quash a search warrant and suppress the resultant evidence.   Leave to appeal was allowed by the Appellate Division and we certified before argument there.

■ A member of the Newark Police Department applied to a magistrate for a warrant authorizing the search of Apt. 5-A at 12 Sheffield Drive, Newark.   His affidavit set forth that from information received through prior arrests and subsequent investigation, he had just and reasonable cause to suspect and believe that there was bookmaking and bookmaking paraphernalia in the premises of Anthony Pannachio at 12 Sheffield Drive.   The affidavit did not set forth any of the underlying facts or circumstances upon which the suspicion and belief were based and the State concedes that it was "virtually identical" with the one passed on in *State v. Macri*, 72 *N. J. Super.* 511 (*Law Div.* 1962).   At the time of the issuance of the search warrant there were some general statements by the officer to the magistrate but they added little of significance and were not made under oath.   Judge Crane held that since there had been no verified showing of probable cause the warrant was improperly issued and the search was an unconstitutional one.   We agree for the reasons expressed in today's opinion in *State v. Macri*, 39 *N. J.* 250 (1963).

■ The State raises an additional point based on the fact that the evidence was not seized within the apartment but was in a bag thrown from the apartment at the time of the search.   When the officers went to the apartment to make their search, they stationed a policewoman outside the premises while the others entered.   She noted a brown paper bag being thrown out the window and when its contents were examined they were found to consist of "Armstrong sheets and horse race bets."   There is no question that under the precedents the contents of the bag were the fruit or product

of the unconstitutional search and as. such were inadmissible in evidence. See *Hobson v. United States,* 226 *F.* 2d 890 (8 *Cir.,* 1955); *Work v. United States,* 100 *U. S. App. D. C.* 237, 243 *F.* 2d 660 (1957); *People v. Loria,* 10 *N. Y.* 2d 368, 179 *N. E.* 2d 478 (1961); *Badillo v. Superior Court,* 46 *Cal.* 2d 269, 294 *P.* 2d 23 (1956); *Beale v. State,* 230 *Md.* 182, 186 *A.* 2d 213 (1962); *State v. Speziale,* 74 *N. J. Super.* 313 (*Essex C'ty. Ct.* 1962); *State v. Masi,* 72 *N. J. Super.* 55 (*Law Div.* 1962); *cf. Gascon v. Superior Court, County of Los Angeles,* 169 *Cal. App.* 2d 356, 337 *P.* 2d 201 (1959); *Commonwealth v. Spofford,* 343 *Mass.* 703, 180 *N. E.* 2d 673 (1962).

In *Hobson,* the defendant threw a package out of the window while an illegal search was under way. The court found that the throwing of the package was the direct result of the unlawful intrusion by the officers and that the contents of the package could not be received in evidence. 226 *F.* 2d, at *p.* 894. Similarly, in *Badillo,* there was an illegal search and while it was in progress the defendant ran out the front door and threw a package of heroin which was recovered by an officer. The court found that the flight and attempted disposal of the evidence were the direct result of the illegal entry and that the evidence was inadmissible as having been obtained in violation of the constitutional guaranty. 294 *P.* 2d, at *p.* 25.

In *Loria,* the defendant was convicted of unlawful possession of narcotics. While his appeal was pending, the Supreme Court decided *Mapp v. Ohio,* 367 *U. S.* 643, 81 *S. Ct.* 1684, 6 *L. Ed.* 2d 1081 (1961). A majority of the New York Court of Appeals was of the opinion that *Mapp* should be applied though it was handed down some months after the defendant's conviction. See *State v. Smith,* 37 *N. J.* 481 (1962); *State v. Evans,* 75 *N. J. Super.* 319 (*App. Div.* 1962), s. c., 78 *N. J. Super.* 437 (*App. Div.* 1963). The search by the officers in *Loria* had taken place in the apartment of Perillo, the defendant's brother-in-law, and while it

was under way, Perillo picked up a vanity case and dropped it out the window. An officer caught it and returned it to the apartment. In considering whether the vanity case was admissible in evidence, the court pointed out that any evidence discovered as the result of an illegal search is constitutionally tainted and inadmissible in a state court under *Mapp,* and that it matters not that the evidence was in open view as in *Accarino v. United States,* 85 *U. S. App. D. C.* 394, 179 *F. 2d* 456 (*D. C. Cir.* 1949), or that it came to the officer's attention as the result of an attempt to secrete it or dispose of it as in *Hobson, supra,* 226 *F. 2d* 890, or that it was turned up after a more conventional search of the defendant's home as in *Weeks v. United States,* 232 *U. S.* 383, 34 *S. Ct.* 341, 58 *L. Ed.* 652 (1914). In concluding his remarks on this score, Judge Froessel had this to say:

"In the instant case, Detective Short, while in Perillo's apartment, observed the latter pick up the case containing the heroin from the bedroom floor and drop it out of the window. Unless the officer's presence in the apartment can be justified, it constituted an unlawful intrusion into the home, and the evidence thereby discovered would be inadmissible." 223 *N. Y. S. 2d,* at *p.* 466, 179 *N. E. 2d,* at *p.* 481.

In *State v. Masi, supra,* 72 *N. J. Super.,* at *p.* 58, and *State v. Speziale, supra,* 74 *N. J. Super.,* at *p.* 315, our trial judges recently followed the principle of *Hobson* and the other cited cases. They could hardly have done otherwise for the constitutional design of *Mapp* undoubtedly dictates the exclusion of tangible materials obtained, as here, during or as a direct result of an unlawful infringement of the sanctity of the home. The further extent to which *Mapp* goes in excluding intangible or indirect fruits of an unconstitutional intrusion need not be dealt with in this case. *Cf. Wong Sun v. United States,* 371 *U. S.* 471, 83 *S. Ct.* 407, 9 *L. Ed. 2d* 441 (1963); *Maguire, Evidence of Guilt* 217–226 (1959).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.