83 N.J. Super. 36 (1964)
198 A.2d 810
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK MICHAEL BIBBO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1964.
Decided March 19, 1964.
*37 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. George R. Sommer argued the cause for defendant.
Mr. C. William Caruso, Assistant Prosecutor, argued the cause for plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was found guilty of possession of lottery slips, and he appeals. His sole ground of appeal is that his motion to suppress the evidence used against him should have been granted.
While the police were searching "DeCapua's Hat Store" during business hours, pursuant to a search warrant, defendant entered the store through the front or customer's entrance. Upon seeing the officers, defendant dropped a piece of paper to the floor. Detective Hedgespeth saw him drop it, picked it up, and, recognizing it as a lottery slip, arrested him. Defendant was then searched and more slips were found upon his person. All this happened in the public or selling area of the store.
Defendant contends that the search warrant directed against DeCapua was invalid because the affidavit upon which *38 it was issued was insufficient under State v. Macri, 39 N.J. 250 (1963). The State concedes, for the purposes of this case, that is so, but argues that defendant has no standing to assert it.
Defendant argues (and the State denies) that, since the search warrant was invalid, the slips in question were fruits of an illegal search and their use as evidence against him should have been forbidden. For this proposition defendant relies upon State v. DeGrazio, 39 N.J. 268 (1963). We agree with the trial judge that DeGrazio does not control the case at bar. In DeGrazio the place searched was the apartment dwelling of the codefendant Pannachio. DeGrazio was a guest or cotenant. In the case at bar, there was nothing to indicate that defendant had "a proprietary, possessory, or participatory interest in * * * the place where [the evidence was] found," (Maguire, Evidence of Guilt, p. 216) or that he had any connection with DeCapua or the store other than as a prospective customer; and, as we have said, the evidence was seized in that portion of the store to which the public was invited.
Detective Hedgespeth had the right to enter this portion of the store even without a warrant. We hold that the fact that he was there with a warrant issued upon an insufficient affidavit did not make his presence there any less lawful. The detective had as much right to pick up the slip from the floor of the store as he would have had if the slip had been dropped in a railroad station, a large department store, or on the street. Since the slip revealed the commission of a crime in the detective's presence, the arrest, the ensuing search, and the discovery of the additional slips were also lawful. State v. Smith, 37 N.J. 481, 495-496 (1962); State v. Nash, 74 N.J. Super. 510, 512 (Cty. Ct. 1962); State v. Hayeck, 74 N.J. Super. 243, 250 (Cty. Ct. 1962); State v. Cardinale, 73 N.J. Super. 168, 172 (Cty. Ct. 1962). Cf. Adams v. State, 143 So.2d 903 (Fla. Ct. App. 1962).
"[I]n order to qualify as a person aggrieved by an unlawful search and seizure under the Fourth Amendment one must *39 have been the victim of the search or seizure  one against whom the search was directed  as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); State v. Nobles, 79 N.J. Super. 442 (App. Div. 1963). See also Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312, 1318 (1941); Armada v. United States, 319 F.2d 793 (5 Cir. 1963), certiorari denied 84 S.Ct. 659 (1964).
Defendant argues that he has standing to object to the use of the evidence, and to obtain its suppression, merely because he was lawfully on the premises while the police were conducting an illegal search, citing Jones v. United States, supra, and United States v. Pisano, 191 F. Supp. 861 (S.D.N.Y. 1961). Not so. One has no standing to object if the seizure has not invaded a "right of privacy of person or premises" which belongs to him personally or by extension  a right which Maguire, supra, describes as "proprietary, possessory or participatory." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, 458 (1963). As Professor Maguire says (Evidence of Guilt, p. 221): "He must prove * * * that the government has improperly infringed rights of privacy, and that those rights pertain to him." (Emphasis ours)
Affirmed.